UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE BATATIN HERNANDEZ,<br>Petitioner,<br>v.<br>WARDEN/FACILITY ADMINISTRATOR,<br>Respondents. | CASE NO. C26-3806JLR<br>ORDER |

Before the court is an emergency motion for a temporary restraining order ("TRO") filed by Petitioner Jose Batatin Hernandez in this 28 U.S.C. § 2241 immigration habeas action. (TRO Mot. (Dkt. # 2); *see also* Pet. (Dkt. # 1).) Having reviewed Petitioner's motion, the record, and the governing law, the court DENIES the motion.

On October 7, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* Pet.) That same day, in accordance with this District's General Order No. 10-25, the court issued a standard scheduling order for a § 2241

petition, which sets forth the procedure for the parties to request leave to expedite or enlarge the standard briefing schedule. (Sch. Order (Dkt. # 4) at 2); *see generally* General Order No. 10-25. Pursuant to the scheduling order, the court ordered the Government[1] to file a return no later than October 21, 2026, and Petitioner's traverse is due no later than November 4, 2026. (Sch. Order (Dkt. # 4) at 2.)

The legal standards governing the issuance of a TRO are substantively identical to those governing a preliminary injunction. *Washington v. Trump*, 847 F.3d 1151, 1159 n. 3 (9th Cir. 2017). A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain injunctive relief under the controlling *Winter* framework, the moving party must establish four distinct factors: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Id.* at 20. Furthermore, under General Order No. 10-25, "[m]otions for temporary restraining orders should be reserved for matters where the petitioner alleges imminent, irreparable harm, such as imminent removal from the United States." General Order No. 10-25 ¶ 5.

Here, the court denies Petitioner's motion for two reasons. First, Petitioner has not established a threat of imminent, irreparable harm. In his motion, Petitioner challenges

[1] The Federal Respondents are United States Immigration and Customs Enforcement ("ICE") Seattle Field Office Director, Acting Director of ICE, United States Department of Homeland Security Secretary, and Attorney General of the United States (together, the "Government"). (Pet. at 1.)

the sufficiency of his August 25, 2026 bond hearing, asserting that the immigration judge committed a legal error in finding that he was a flight risk and danger to the community. (TRO Mot. at 1.) Specifically, he requests that the court "determine whether the present custody record is constitutionally sufficient to sustain incarceration[.]" (*Id.* at 2-3.) He further asserts that "the profound harms associated with immigration detention[,]"—namely limited access to healthcare, separation from his U.S. citizen spouse and two U.S. citizen children, and increased difficulty preparing for upcoming immigration proceedings—constitutes irreparable harm. (*Id.* at 4.) While the court is sympathetic to those difficult circumstances, these generalized assertions are insufficient to establish a likelihood of irreparable harm, let alone *imminent* irreparable harm. *See Poder in Action v. City of Phoenix*, 481 F. Supp. 3d 962, 980 (D. Ariz. 2020) (collecting cases).

Second, Petitioner's motion is duplicative of his habeas petition, both of which seek his immediate release from detention. (*Compare* Pet., *with* TRO Mot.) As General Order No. 10-25 explicitly provides, "[t]he standard scheduling order is intended to provide a prompt resolution to habeas petitions that should reduce the contemporaneous filing of motions for temporary restraining orders seeking release from custody or the relief that is otherwise requested by the habeas petition." General Order No. 10-25 ¶ 5. Petitioner cannot use an emergency motion for a TRO to short-circuit the expedited briefing procedure that the court has established for the precise purpose of resolving his underlying habeas claims.

//

//

Accordingly, the court DENIES Petitioner's motion for a TRO (Dkt. # 2).

Dated this 8th day of October, 2026.

John H. Chun on behalf of
JAMES L. ROBART
United States District Judge